965 F.2d 1064
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Henry J. PODGURSKY, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3067.
 United States Court of Appeals, Federal Circuit.
 April 15, 1992.
 
 Before RICH, MAYER and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Henry J. Podgursky (Podgursky) petitions for review of the October 17, 1991 Merit Systems Protection Board decision, Docket No. NY08319110252, affirming the Office of Personnel Management's (OPM) reconsideration decision denying his application for a civil service retirement annuity. We affirm.
 
 DISCUSSION
 
 2
 Podgursky was employed by the Veterans Administration from March 22, 1946 through June 10, 1951, and by the Army Corps of Engineers from June 11, 1951 until August 8, 1952 when he resigned. Podgursky returned to federal employment for approximately one week in 1958 and for a six-month period in 1965-66. In July 1990, Podgursky filed an "Application for Deferred Retirement" with OPM pursuant to 5 U.S.C. § 8338(a). OPM denied Podgursky's application for a deferred annuity because, among other things, he had received a lump-sum refund of his retirement deductions when he resigned from the service in 1952 and had not redeposited the money in the fund during his subsequent employment.*
 
 
 3
 Podgursky appealed OPM's decision to the Board on March 15, 1991 alleging that he had never applied for nor received the refund. The Administrative Judge (AJ) found that OPM had produced evidence sufficient to sustain its position that Podgursky had applied for and received the refund in 1952. Specifically, OPM had produced an "Application for Refund of Retirement Deductions" dated August 14, 1952 and signed by Podgursky as well as a copy of his "Individual Retirement Record" indicating that the refund was approved on September 8, 1952. The AJ held that, given the 38-year period that passed between the time the refund was authorized and when Podgursky stated he had not received the check, OPM would be prejudiced if required to prove Podgursky's actual receipt of the check.
 
 
 4
 We review the Board's decision under a very narrow standard, affirming the decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988); Covington v. Department of Health and Human Servs., 750 F.2d 937, 941 (Fed.Cir.1984). Podgursky did not deny that the signature on the refund application form was his, nor that the lump-sum payment was made. In a one-sentence affidavit submitted to the Board, Podgursky stated that "to the best of my knowledge, no refund from OPM was received." The AJ did not err when she determined that this affidavit fell far short of meeting Podgursky's burden of proof that he did not receive a refund, and of rebutting OPM's evidence that such payment was requested and made. Podgursky's argument that "OPM failed to prove its case" because it failed to prove actual receipt of the refund check is rejected as an improper attempt to shift the burden of proof onto OPM. The burden rests with the employee, not OPM, to establish entitlement to benefits. Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). Finding no error in the Board's decision, we affirm.
 
 
 
 *
 The receipt of a lump-sum refund voids any future entitlement to an annuity based upon the period for which the deductions were withheld unless the refund, plus interest, is redeposited while the employee is reemployed in the civil service. 5 U.S.C. § 8342(a), 8334(d)(1); Yarbrough v. Office of Personnel Management, 770 F.2d 1056, 1060-61 (Fed.Cir.1985)